| | |
|---|---|
| Lee E. Woodard, Esq.<br>Harris Beach LLP<br>One Park Place<br>300 S. State Street<br>Syracuse, New York 13202 | Jeffrey A. Dove, Esq.<br>Menter, Rudin & Trivelpiece, P.C.<br>500 S. Salina St.<br>Suite 500<br>Syracuse, New York 13202 |
| Deborah Deitsch-Perez, Esq.<br>Lackey Hershman, L.L.P.<br>3102 Oak Lawn Avenue, Ste. 777<br>Dallas, Texas 75216-4241 | James T. Towne, Esq.<br>The Towne Law Offices, P.C.<br>421 Karner Road<br>Albany, New York 12212-5072 |
| Tina Niehold Moss, Esq.<br>Pryor Cashman Sherman & Flynn LLP<br>410 Park Avenue<br>New York, New York 10022 | Robert Weiler, Esq.<br>Green & Seifter, LLP<br>One Lincoln Center<br>Syracuse, New York 13202 |
| Stephen A. Donato, Esq.<br>Bond, Schoeneck & King, LLP<br>One Lincoln Center<br>Syracuse, New York 13202 | Anthony R. Hanley, Esq.<br>Costello, Cooney & Fearon, PLLC<br>205 S. Salina Street<br>Syracuse, New York 13202 |
| James P. Ricciardi, Esq.<br>Shawn R. Fox, Esq.<br>McGuire Woods, LLP<br>1345 Ave. of the Americas, 7th Floor<br>New York, NY 10105 | Mark E. Freedlander, Esq.<br>McGuire Woods LLP<br>625 Liberty Avenue<br>23rd Floor, Dominion Tower<br>Pittsburgh, PA 15222 |
| Joseph Zagraniczny, Esq.<br>Bond, Schoeneck & King<br>One Lincoln Center<br>Syracuse, New York 13202 | Vincent DeBella, Esq.<br>Paravati, Karl, Green & DeBella<br>12 Steuben Park<br>Utica, New York 13501 |
| Guy A. Van Baalen, Esq.<br>Assistant U.S. Attorney<br>10 Broad Street<br>Utica, New York 13501 | E. Lisa Tang, Esq.<br>118 Huntersfield Rd.<br>Delmar, New York 12054 |

Re:    Mid-State Raceway, Inc.                      Case No. 04-65746
      Mid-State Development Corporation       Case No. 04-65745
      Chapter 11 Jointly Administered

**LETTER DECISION AND ORDER**

At the August 5, 2005 hearing on the approval of the First Amended Disclosure Statement, dated August 4, 2005, filed by All Vernon Acquisition, LLC, Shawn Scott and Raceway Ventures, LLC ("AVA entities"), as well as the First Modified Amended Disclosure Statement, dated August 3, 2005, filed by Vernon Downs Acquisition, LLC and the Debtors, Mid-State Raceway, Inc. and Mid-State Development Corp. ("VDA/Debtor entities"), counsel for Dominick Giambona, a creditor, director and shareholder of the Debtors, raised several unresolved concerns about the adequacy of the information in both Disclosure Statements, particularly that filed on behalf of the AVA entities.

Giambona's counsel, Lisa Tang, Esq., argued extensively in order to bring to the Court's attention a number of perceived deficiencies, including the lack of a definitional section in either Disclosure Statement. She argued that there should be further clarification concerning the approximately $3 million in unsecured claims, some of which she contended are disputed. She also pointed out the lack of any historical data concerning the value of the Debtors' assets. Furthermore, she argued that a more detailed description of the lawsuit commenced by Giambona against the AVA entities, which is currently pending in this Court, as well as a more detailed statement concerning the alleged insider status of the defendants in that lawsuit should have been disclosed. In addition, she felt that a more detailed explanation concerning the terms of the sale proposed in the AVA entities' Disclosure Statement was necessary. Finally, she expressed the view that more information concerning the releases to be provided to members of the Debtors' board of directors needed to be provided by the VDA/Debtor entities in their Disclosure Statement.

Ultimately, Attorney Tang proposed to provide certain materials, which she indicated would address her concerns, for consideration by the Court and the parties appearing at the hearing and

3

inclusion with the Disclosure Statements as an addendum. The Court afforded her an opportunity to file such materials by Tuesday, August 9, 2005, and allowed interested parties the opportunity to respond on or before August 16, 2005.

The Court has had an opportunity to review the materials filed by Attorney Tang on behalf of Giambona[1], as well as the responses filed by the AVA entities, the VDA/Debtor entities (collectively, the "Plan Proponents") and the Official Committee of Unsecured Creditors ("Committee"). In addition, the Court acknowledges that on August 16, 2005, the AVA entities filed their Second Amended Disclosure Statement and Second Amended Chapter 11 Plan. On the same day, the VDA/Debtor entities also filed their Second Modified Amended Disclosure Statement and Second Modified Amended Chapter 11 Plan, apparently in response to objections raised at the August 5th hearing (hereinafter collectively referred to as the "Second Amended Disclosure Statements" and "Second Amended Plans").

As an initial matter, the Court recognizes that in order for a disclosure statement to be approved, it must contain "adequate information." Specifically, Code § 1125(a)(1) defines "adequate information" to mean:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. § 1125(a)(1). The information should be sufficient to enable "'impaired' classes of

---

[1] Based on a review of the materials filed by Attorney Tang, it appears that she has modified her demands to a large extent given the fact that a number of concerns raised in oral argument, e.g., the composition of the unsecured creditors' claims and the alleged insider status of the Scott entities, have not been included in them.

4

creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan." *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001). The Court's determination of what constitutes "adequate information" is to be made on a case by case basis. In this regard, it is to consider "'what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection.'" *Id.* at 393 (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess., 408-409 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6365). The courts have often prescribed a list of disclosures which should be included in a disclosure statement. *See In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990). However, as the court in *Cardinal Congregate* pointed out, the list of disclosures is "but a yardstick against which the adequacy of disclosure may be measured; the precise information required will be governed by the facts and circumstances presented in each case." *Id.* Of import in the Court's consideration is "the size and complexity of the chapter 11 case, the type of plan proposed, the type of creditors and claims impaired by the proposed plan, and the access by impaired creditors to relevant information from other sources." *Phoenix Petroleum*, 278 B.R. at 393; *see also In re Zenith Electronics Corp.*, 241 B.R. 92, 99 (Bankr. D. Del. 1999) (noting that "it is important to keep in mind the audience").

Giambona's counsel proposes to include in both Second Amended Disclosure Statements an excerpt from the "Public Information Series of the Bankruptcy Judges Division - December 1998" ("Public Information Series"), found on the Court's website (www.nynb.uscourts.gov) under the heading of "General Information," "Description of Chapters and Terminology," specifically the information contained in "Reorganization under the Bankruptcy Code" and "Bankruptcy

5

Terminology," which the Court will hereafter refer to as "Giambona's Addendum 1". In addition, Giambona's counsel proposes to include what has been described by the VDA/Debtors' counsel as "statements filed of record by the Debtors with the Securities and Exchange Commission," which the Court will hereafter refer to as "Giambona's Addendum 2".

As an initial matter, the Court recognizes that Mid-State Raceway, Inc. is a public company for which substantial information concerning its finances and operations is available to interested parties. It also files periodic statements with the SEC. To include "Giambona's Addendum 2" as part of the disclosure statement, in the view of the Court, adds confusion, rather than clarification to the information already provided in the Second Amended Disclosure Statements. The Court has no way of verifying the statements made therein. Indeed, some of the information is confusing on its face. For example, on page 1, Item 6, dated August 4, 2000, there is a comment made by an unknown source to the effect that "[t]he 14(c) has so many screwed up dates reflecting times 'after' the notice that one wonders whether these are typos or something else was going on CHECK FILING DATES." On page 2, Items 10-13, dated April 3, 2002, refer to what apparently were amendments dated June 25, 2002 and signed by Justice Cheney. There is no clarification provided for these entries, leading the reader to draw inferences about what actually may have occurred.[2] The Court concludes that the statements unnecessarily complicate matters and their relevance to the confirmation process is questionable. Accordingly, the Court concludes that the statements found in "Giambona's Addendum 2" certainly have little bearing on the success or failure of the proposals in the plans of reorganization and should not be included with the Second Amended Disclosure

---

[2] In addition, if the statements found in "Giambona's Addendum 2" are to provide any meaningful information to a reader not versed in securities language, they would need a definitional statement to clarify the information found therein.

6

Statements submitted by the Plan Proponents.

"Giambona's Addendum 1" includes a comprehensive definitional section, as well as comments, apparently by Attorney Tang, set forth in italics.[3] The AVA entities take issue with some of the comments, arguing that they may be construed as reflecting a definite bias against their Second Amended Plan and Second Amended Disclosure Statement, particularly with respect to their proposal to have the Debtors substantively consolidated and the assets of the Debtors liquidated. The AVA entities also have taken issue with the inclusion, under the definition of "insider," of a description of the lawsuit commenced by Giambona because of a perceived reference to the defendants in that lawsuit as being insiders of the Debtors. On close examination, it appears that the comments actually are intended to fall under the heading of "Avoidable Transfers," and only by happenstance are they found under the definition of "insider." The actual language makes reference not to "insiders" of the Debtors but rather to the fact that the defendants in that particular adversary proceeding include "Plan Proponents All Vernon Acquisition, LLC and Raceway Ventures, LLC **together with various insiders affiliated with Shawn Scott, including prior lenders Vernon, LLC and All Capital, LLC.**" (emphasis supplied). Thus, the objection of the AVA entities appears misplaced as far as their concerns that the defendants in the Giambona lawsuit not be characterized as insiders of the Debtors.

At the hearing on August 5, 2005, the Plan Proponents, at the Court's urging, agreed to incorporate a definitional section in their respective Disclosure Statements. A review of the Second Amended Disclosure Statements reveals that both documents now contain definitional sections. In

---

[3] Those comments are described as being brief statements of the relevance of the excerpts taken from the "Public Information Series" to the competing plans and disclosure statements under consideration by this Court.

7

addition, the Court notes that the VDA/Debtor entities have also elected to include most of the comments set forth in "Giambona's Addendum 1." For instance, the Debtors have included the italicized comments taken from "Giambona's Addendum 1" found under the heading of "The Disclosure Statement." *See* VDA/Debtor entities' Second Modified Amended Disclosure Statement (blacklined version) at 1. Also included are the italicized comments from "Giambona's Addendum 1" found under the headings of "Acceptance of the Plan of Reorganization" (*Id.* at 3 and 48), "Claims" (*Id.* at 36), "Equity Security Holders" (*Id.* at 46)[4], and the italicized comments found under the heading of "Avoidable Transfers" (*Id.* at 18-19). The VDA/Debtor entities have also included in their Second Modified Amended Disclosure Statement the two introductory paragraphs contained in "Giambona's Addendum 1," which refer to the Court's website and access to PACER.

The Court does agree that in light of the availability of information over the internet, it is appropriate for creditors and other interested parties to be made aware of the websites available to them should they wish to obtain additional information concerning the case, including the Court's website, www.nynb.uscourts.gov, and www.pacer.psc.uscourts.gov. Accordingly, the Court will require that the first two paragraphs found in "Giambona's Addendum 1," applicable to the cases herein, be included in the AVA entities' Second Amended Disclosure Statement as well.

With respect to the balance of the information provided in "Giambona's Addendum 1," the Court does not believe that it is essential to either of the Second Amended Disclosure Statements such that its omission would render them lacking in terms of "adequate information." While the VDA/Debtor entities have elected to supplement their Second Modified Amended Disclosure

---

[4] The VDA/Debtor entities did not include the statement made in the italicized comments of "Giambona's Addendum 1" that "[u]nder certain circumstances the interests of equity security holders may be eliminated by the confirmation of a Chapter 11 Plan."

8

Statements with most of the comments found in "Giambona's Addendum 1," that does not render the Second Amended Disclosure Statement submitted by the AVA entities any less adequate. In particular, the Court notes that the AVA entities have elected to simply include two sentences concerning the pending adversary proceeding commenced by Giambona to the description arguably incorporated from the VDA/Debtor entities' First Modified Amended Disclosure Statement, dated August 3, 2005, under the heading of "The Anti-Dilution Litigation" (*see* VDA/Debtor entities' First Modified Amended Disclosure Statement (blacklined version) at 17); whereas the VDA/Debtor entities have, as noted above, included the lengthier comments found in "Giambona's Addendum 1" in their Second Modified Amended Disclosure Statement.

The Court recognizes that the Plan Proponents have different agendas and different perspectives on these cases, as evidenced by the different approaches taken in their respective plans. The critical concern of the Court is to assure that "adequate information" is provided to enable a hypothetical reasonable investor typical of holders of claims or interests to make an informed judgment concerning the proposed chapter 11 plans. In that regard, pursuant to Code § 1125(b), the Court concludes that both of the Second Amended Disclosure Statements, filed by the Plan Proponents, contain adequate information to satisfy that criteria, with the direction that the Second Amended Disclosure Statements filed by the AVA entities be amended within ten (10) days of the date of this Order to incorporate the first two paragraphs of "Giambona's Addendum 1," as discussed above.

The Court's approval of the Second Amended Disclosure Statements of the Plan Proponents includes the mandate that any filing of further amendments to either Disclosure Statement by the Plan Proponents, other than the one directed herein, is prohibited absent further Order of this Court.

9

    IT IS SO ORDERED.


Dated at Utica, New York
this 22nd day of August 2005


                                              /s/   Stephen D. Gerling
                                              STEPHEN D. GERLING
                                              Chief U.S. Bankruptcy Judge